UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LUKE T. DILLHOFF,

    Plaintiff,

vs.

C&R INCESSANT, INC., *et al.*,

    Defendants.

Case No. 3:23-cv-184

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF LUKE T. DILLHOFF'S MOTION FOR VOLUNTARY DISMISSAL OF THIS CASE WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO DISCLOSE EXPERTS AND CONDUCT FURTHER DISCOVERY (Doc. No. 31); (2) REOPENING DISCOVERY UNTIL JULY 7, 2025; (3) REFERRING THIS CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. TO SUPERVISE DISCOVERY; (4) EXTENDING THE PARTIES' DEADLINE TO FILE DISPOSITIVE MOTIONS UNTIL AUGUST 6, 2025; (5) DENYING AS MOOT DEFENDANTS C&R INCESSANT, INC. AND MING ZHU'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT DOUG HEARD (Doc. No. 23); AND (6) DENYING WITHOUT PREJUDICE DEFENDANTS C&R INCESSANT, INC. AND MING ZHU'S MOTIONS FOR SUMMARY JUDGMENT AND FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 28)**

---

This case is a personal injury case involving a motor vehicle accident with a semi-truck. Doc. No. 4 at PageID 61. In addition to negligence and vicarious liability, Plaintiff Luke T. Dillhoff alleges Defendant C&R Incessant, Inc. negligently entrusted the vehicle to its driver, Defendant Ming Zhu. *Id.* The case is before the Court on Defendants' motion to exclude Plaintiff's expert Doug Heard (Doc. No. 23), Plaintiff's memorandum in opposition (Doc. No. 24), and Defendants' reply (Doc. No. 25). Additionally, Defendants filed motions for summary judgment and for partial judgment on the pleadings (Doc. No. 28), Plaintiff has filed a memorandum in opposition (Doc. No. 34), and Defendants have filed their reply (Doc. No. 35). Finally, Plaintiff has moved for voluntary dismissal of this case without prejudice, or in the alternative, for an extension of time to disclose experts and conduct further discovery. Doc. No.

31.  Defendants have filed a memorandum in opposition (Doc. No. 32), and Plaintiff has replied (Doc. No. 33).  Thus, the motions are ripe for this Court's review.

For good cause shown, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.  The Court **REOPENS** discovery until July 7, 2025 and **REFERS** this case to Magistrate Judge Peter B. Silvain, Jr. to supervise discovery during that period.[1]  Lastly, the Court **AMENDS** the scheduling order to **EXTEND** the parties' deadline to file dispositive motions until August 6, 2025.

Accordingly, the case shall proceed as follows:

| 1. | Primary expert designations: | **May 7, 2025** |
|---|---|---|
| 2. | Rebuttal expert designations: | **June 6, 2025** |
| 3. | Discovery cut-off: | **July 7, 2025** |
| 4. | Dispositive motions (*i.e.*, summary judgment motions)[2]: | **August 6, 2025** |

Given the Court's rulings, the Court **DENIES AS MOOT** Defendants' pending motion to exclude Plaintiff's expert Doug Heard.  Additionally, Defendants' pending motions for summary judgment and for partial judgment on the pleadings are premature and **DENIED WITHOUT PREJUDICE**.[3]

**IT IS SO ORDERED.**

February 12, 2025                                         s/*Michael J. Newman*
                                                                      Hon. Michael J. Newman
                                                                      United States District Judge

---

[1] This case was previously referred to Magistrate Judge Caroline H. Gentry for mediation, which is scheduled to occur on April 7, 2025 at 1:00 p.m.  Doc. Nos. 36, 39.

[2] Should a trial be necessary, the Court will, with the parties' input, schedule a final pretrial conference and trial.

[3] Although it appears that Defendants' motion for partial judgment on the pleadings raises an issue of law that might be presently decided, the better case-management approach is to resolve this issue together with any other potentially dispositive issues at a later stage of the case.  Doing so, will not significantly increase the cost of litigation or prejudice Defendants' ability to raise the issue again.  *Cf*. Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").